Filed 8/23/24  P. v. Lorenzana CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083285 |
| v. | (Super.Ct.No. FWV19004069) |
| JASON PASQUAL LORENZANA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Camber, Judge.  Dismissed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

On June 24, 2022, defendant and appellant Jason Pasqual Lorenzana pled no contest to attempted murder under Penal Code[1] sections 664 and 187, subdivision (a) (count 5). Defendant also admitted that he personally used a firearm under section 12022.53, subdivision (b). The parties stipulated that the preliminary hearing provided a factual basis for defendant's plea. Thereafter, the trial court dismissed counts 1 through 4, and sentenced defendant to 19 years in state prison.

On November 2, 2023, defendant filed a petition for resentencing pursuant to section 1172.6 (formerly section 1170.95). The trial court appointed counsel for defendant. In its opposition, the People argued that defendant was ineligible for relief because he was the only person charged in the information which alleged that defendant personally and intentionally discharged a firearm causing great bodily injury. Hence, defendant was the sole perpetrator of the attempted murder and ineligible as a matter of law. Appointed counsel filed a reply to the People's opposition and argued that the record of conviction did not preclude eligibility for resentencing.

On February 5, 2024, the trial court denied defendant's petition finding that "defendant was the shooter in this matter."

On appeal, defendant's appointed counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case and requesting that we exercise our discretion to independently review the record for error.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

We offered defendant an opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal. Nevertheless, defendant has not filed one.

In *Delgadillo*, *supra*, 14 Cal.5th 216, the California Supreme Court held that the procedures under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 do not apply in appeals from the denial of a section 1172.6 post-judgment petition. (*Delgadillo*, at pp. 224-226.) Therefore, we need not examine the entire record ourselves to look for arguable grounds for reversal. (*Id.* at p. 228.)

We, however, have discretion to conduct a review under *Wende* even when it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) This case does not call for us to exercise our discretion to independently examine the record for arguable issues, and we decline to do so. Accordingly, we dismiss the appeal as abandoned.

Nonetheless, defendant's record of conviction, without an independent examination, shows that he is categorically ineligible for relief as a matter of law because he pled no contest to attempted murder on June 24, 2022—after the Legislature enacted Senate Bill. No. 775 on January 1, 2022; defendant pled no contest under the current law. Therefore, the trial court correctly denied defendant's section 1172.6 petition for resentencing.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:


MILLER
J.

MENETREZ
J.

4